1  Timothy D. Thurman, State Bar No. 216048
   Sally A. Belderian, State Bar No. 259163
2  TRINITY LAW ASSOCIATES, Inc.
3  3470 Wilshire Blvd., Suite 930
   Los Angeles, California 90010
4  Tel: (213) 384-9000; Fax: (213) 402 3262

5
   Attorneys for Plaintiff,
6  MIN SUN PARK

7

8              UNITED STATES DISTRICT COURT
9    CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11 MIN SUN PARK, an individual,        )
                                        )   CASE NO.
12              Plaintiff,              )   CV09-2976 PSG (RCx)
                                        )
13              v.                      )   COMPLAINT FOR:
                                        )
14                                      )   1.  VIOLATION OF
15 JUST MORTGAGE, INC., a              )       TRUTH IN LENDING
   California Corporation; INDYMAC     )       ACT, 15 U.S.C. § 1601
16 FEDERAL BANK FSB, a Federal         )   2.  VIOLATION OF REAL
   Savings Bank; ONEWEST BANK          )       ESTATE SETTLEMENT
17 FSB, a Federal Savings Bank;        )       PROCEDURES ACT
18 QUALITY LOAN SERVICE CORP.,         )       (RESPA), 12 U.S.C. §
   a California Corporation;           )       2601
19 WASHINGTON MUTUAL BANK, a           )   3.  BREACH OF
20 Federal Association organized and   )       CONTRACT
   existing under the laws of the United )  4.  BREACH OF THE
21 States of America; JP MORGAN        )       IMPLIED COVENANT
22 CHASE NATIONAL CORPORATE            )       OF GOOD FAITH AND
   SERVICES, INC., a New York          )       FAIR DEALING
23 Corporation; and DOES 1-10,         )   5.  VIOLATION OF
24 inclusive,                          )       CALIFORNIA CIVIL
                                        )       CODE § 2923.6
25              Defendants.            )   6.  VIOLATION OF THE
26                                      )       FAIR DEBT
                                        )       COLLECTION
27                                      )       PRACTICES ACT

28

                              1

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

)  **(FDCPA), 15 U.S.C. §
)  1692**
)  **7.  VIOLATION OF
)     ROSENTHAL FAIR
)     DEBT COLLECTION
)     PRACTICES ACT, CAL.
)     CIVIL CODE § 1788**
)  **8.  VIOLATION OF THE
)     UNRUH CIVIL RIGHTS
)     ACT, CIVIL CODE § 51
)     (Discrimination)**
)  **9.  VIOLATION OF CIVIL
)     RIGHTS ACT OF 1991,
)     42 U.S.C. § 1981
)     (Discrimination)**
)  **10.  VIOLATION OF CIVIL
)      RIGHTS ACT OF 1871,
)      42 U.S.C. § 1983
)      (Discrimination)**
)  **11.  VIOLATION OF FAIR
)      HOUSING ACT, 42
)      U.S.C. § 3601
)      (Discrimination)**
)  **12.  VIOLATION OF TITLE
)      VI OF CIVIL RIGHTS
)      ACT OF 1964, 42 U.S.C.
)      § 2000d (Discrimination)**
)  **13.  VIOLATION OF
)      EQUAL CREDIT
)      OPPORTUNITY ACT
)      (ECOA), 15 U.S.C. § 1691
)      (Discrimination)**
)  **14.  VIOLATION OF CAL.
)      BUSINESS &
)      PROFESSIONS CODE
)      §§ 17200 and 17500**
)  **15.  QUIET TITLE**
)  **16.  DECLARATORY
)      RELIEF**

2

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

**COMES NOW** Plaintiff, MIN SUN PARK and herein complains and alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff institutes this action for actual and compensatory damages, statutory damages, rescission, punitive damages, attorney fees, and costs of this action against Defendants for violations of the following federal statutes and state law claims:

a.  Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., (hereinafter TILA), and Regulation Z, 12 C.F.R. § 226 *et seq.*;

b.  Real Estate Settlement Procedures Act,  12 U.S.C. § 2601 *et seq*., (hereinafter RESPA), and Regulation X, 24 C.F.R. § 3500 *et seq.*;

c.  Breach of contract;

d.  Breach of the Implied Covenant of Good Faith and Fair Dealing;

e.  California Civil Code § 2923.6;

f.  California Civil Code § 2923.5;

g.  Fair Debt Collection Practices Act, (hereinafter FDCPA), 15 U.S.C. § 1692 *et seq.*;

h.  Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788;

i.  Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

j.  Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq.*;

k.  Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq.*;

l.  Fair Housing Act, 42 U.S.C. § 3601 *et seq.*;

m. Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*;

n.  Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 *et seq.*;

o.  California Business & Professions Code §§ 17200 and 17500 *et seq.*;

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262; timothy.thurman@trinlaw.com

p.  Quiet Title;

q.  Declaratory Relief;

2.    Plaintiff only recently discovered the violations of these laws.  As Plaintiff is not familiar with, or have any expertise in, mortgage transactions, does not speak English as a first language, and was never provided any of the loan transaction documentation in her native language, Plaintiff did not and could not have reasonably discovered these violations despite due diligence.  As such, this action is timely as any and all applicable statutes of limitations were equitably tolled pursuant to state and/or federal law.

**JURISDICTION AND VENUE**

3.    Jurisdiction of this Court is invoked under a federal question pursuant to the federal statutes outlined above and 28 U.S.C. §§ 1331 and 1337.

4.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.    This Court has jurisdiction to render the declaratory judgment Plaintiff seeks pursuant to 28 U.S.C. § 2201.

6.    Venue is proper within this district pursuant to 28 U.S.C. § 1391(b), because: (i) the real property exists within said district, (ii) the Defendant(s), and each of them, has/have or is/are doing business within the district; and (iii) further, the *pendente* causes of action pursuant to California law concerns real property within the County of Riverside within this district.

**PARTIES**

7.    Plaintiff MIN SUN PARK is an individual and at all times relevant hereto was a resident of the City of Temecula, County of Riverside, State of California.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262; timothy.thurman@trinlaw.com

8.      Defendant JUST MORTGAGE, INC., is a California Corporation conducting business as a financial institution in the State of California [hereinafter referred to as "BANK 1"].  Plaintiff is unaware of the current corporate and/or licensing status of BANK 1.

9.      Defendant INDYMAC FEDERAL BANK FSB was a Federal Savings Bank conducting business as a financial institution in the State of California [hereinafter referred to as "BANK 2" or "INDYMAC"].  Plaintiff is informed and believes that INDYMAC is now under the control of the FDIC.

10.     Defendant ONEWEST BANK FSB is a Federal Savings Bank conducting business as a financial institution in the State of California [hereinafter referred to as "BANK 3"].

11.     Upon information and belief, BANK 2 and/or BANK 3 is/are the assignee(s) of all assets and liabilities of BANK 1 and/or BANK 2, respectively, for Plaintiff's loan as more fully outlined below, and is/are therefore liable for BANK 1's and BANK 2's actions and omissions, respectively.

12.     Upon information and belief, Defendant QUALITY LOAN SERVICE CORP. is in the business of regularly collecting debt owed to another person, and conducting business in the State of California [hereinafter referred to as "DEBT COLLECTOR" or "QUALITY LOAN SERVICE].  Plaintiff is unaware of the current corporate and/or licensing status of DEBT COLLECTOR.

13.     Defendant WASHINGTON MUTUAL BANK was a Federal Association organized and existing under the laws of the United States conducting business as a financial institution in the State of California [hereinafter referred to as "BANK 4" or "WAMU"].  Plaintiff is informed and believes that Defendant WAMU has been acquired, in whole or in part, by Defendant JP MORGAN CHASE.

14.     Defendant JP MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., is a New York Corporation conducting business as a financial institution in the State of California [hereinafter referred to as "BANK 5" or JP MORGAN CHASE]. Upon information and belief, BANK 5 is the assignee of all, or substantially all assets and liabilities of BANK 4, including Plaintiff's loan as more fully outlined below, and is therefore liable for BANK 4's actions and omissions.

15.     Defendants BANK 1, BANK 2, BANK 3, BANK 4, and BANK 5 shall be collectively referred to as "Defendants" or "BANKS."

16.     Plaintiff is not aware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Each of said fictitiously named defendant is responsible in some manner for the violations of law herein alleged.  Plaintiff will amend this complaint to add the true names of the fictitiously named Defendants once they are discovered. Whenever reference is made in this complaint to "Defendants," such reference shall include Does 1 through 10.

17.     When reference in this complaint is made to any act or transaction of a defendant corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that said defendant and its owners, officers, directors, agents, employees, or representatives did or authorized such acts while engaged in the management, direction, or control of the affairs of Defendants and while acting within the scope and course of their duties.

18.     Whenever in this complaint reference is made to any act of any individual defendant, such allegation shall be deemed to mean that said defendant is and was acting (a) as a principal, (b) under express or implied agency, and/or (c) with actual or ostensible authority to perform the acts so alleged on behalf of every other defendant herein.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

19.    Whenever in this complaint reference is made to any act of Defendants, such allegation shall be deemed to mean the act of each defendant acting individually and jointly with the other Defendants named in that cause of action.

## COMMON FACTUAL ALLEGATIONS

20.    On or about January 31, 2006 (referred to hereinafter as "Closing Date 1"), Plaintiff entered into a consumer credit transaction with BANK 1 by obtaining a $512.000.00 mortgage loan secured by Plaintiff's principal residence, a real property commonly known as 45906 Corte Carmello, City of Temecula, County of Riverside, State of California (hereinafter referred to as the "Property").  A copy of the note is attached hereto as Exhibit A, and is hereby incorporated by reference. This note was secured by a First Trust Deed on the Property in favor of BANK 1, a copy of which is attached hereto as Exhibit B.  A legal description of the property is attached hereto as Exhibit C.

21.    The terms of the finance transaction with BANK 1 were not clear or conspicuous, nor consistent, and include reference to a variable rate note with a "teaser rate," or discounted rate of 0.500%, and other rates and fees and terms for which BANK 1 either did not disclose, make clear or had not included as part of the finance charge.

22.    On or about April 19, 2006 (referred to hereinafter as "Closing Date 2"), Plaintiff entered into a second consumer credit transaction with BANK 4 by obtaining a home equity line of credit secured by the Property.  A copy of the agreement is attached hereto as Exhibit D, and is hereby incorporated by reference.

23.    The terms of the finance transaction with BANK 4 are not clear or conspicuous, nor consistent, and include a commitment letter stating that the margin of 1.600%, while the agreement and disclosure stated that the margin was 1.850%,

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

1  and other rates and fees and terms for which BANK 4 either did not disclose, make

2  clear or had not included as part of the finance charge.

3      24.    Plaintiff alleges that Defendants, and each of them, neither explained

4  the workings of the entire mortgage loan transaction, how the rates, finance charges,

5  costs and fees were computed, nor the inherent volatility of the loan product(s)

6  provided by Defendants.

7

8                        **COUNT I**

9            **VIOLATION OF TRUTH IN LENDING ACT**

10                      **[15 USC § 1601]**

11                        **(BANKS)**

12     25.    Plaintiff repeats and realleges each and every allegation contained in

13  the above paragraphs and incorporates the same as though fully set forth at length.

14     26.    At all relevant times, Defendants were "creditors" as that term is

15  defined in § 103 of the TILA, 15 U.S.C. § 1602, and § 226.2(a)(17) of Regulation Z,

16  12 C.F.R. § 226.2(a)(17), and therefore are required to comply with the applicable

17  provisions of the TILA and Regulation Z, and other applicable laws.

18     27.    On information and belief, in the course and conduct of offering and

19  extending credit, Defendants violated the requirements of the TILA and Regulation

20  Z, and other applicable laws, in one or more of the following ways within one year

21  of the Closing Date:

22          a.  Failing to identify the creditor in violation of § 128 of the TILA, 15

23              U.S.C. § 1638, and § 226.18(a) of Regulation Z, 12 C.F.R. §

24              226.18(a);

25          b.  Stating a rate of finance charge without disclosing the "annual

26              percentage rate" or "APR" in violation of § 144 of the TILA, 15

27

28

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

U.S.C. § 1664, and § 226.24(b) of Regulation Z, 12 C.F.R. § 226.24(b);

c. Failing to make required TILA disclosures before consummating a consumer credit transaction in violation of §§ 121 and 128 of the TILA, 15 U.S.C. §§ 1631 and 1638, and §§ 226.17 and 226.18 of Regulation Z, 12 C.F.R. §§ 226.17 and 226.18;

d. Failing to make required TILA disclosures in the required manner and form before consummating a consumer credit transaction in violation of §§ 121 and 128 of the TILA, 15 U.S.C. §§ 1631 and 1638, and §§ 226.17 and 226.18 of Regulation Z, 12 C.F.R. §§ 226.17 and 226.18;

e. Failing to timely make or correct certain "good faith" disclosures in violation of § 226.19 of Regulation Z, 12 C.F.R. § 226.19;

f. Understating the disclosed finance charge in violation of § 128 of the TILA, 15 U.S.C. § 1638, and § 226.18(d) of Regulation Z, 12 C.F.R. § 226.18(d);

g. Overstating the amount financed in violation of § 128 of the TILA, 15 U.S.C. § 1638, and § 226.18(b) of Regulation Z, 12 C.F.R. § 226.18(b);

h. Understating the disclosed annual percentage rate in violation of § 128 of the TILA, 15 U.S.C. § 1638, and § 226.18(e) of Regulation Z, 12 C.F.R. § 226.18(e);

i. Failing to disclose or accurately disclose the "payment schedule" or the "total of payments," including but not limited to, failing to disclose a balloon payment, in violation of § 128 of the TILA, 15 U.S.C. §§ 1638, and §§ 226.18(g) and (h) of Regulation Z, 12 C.F.R. §§ 226.18(g) and (h);

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

j.  Making disclosures that do not reflect accurately the legal obligation between the parties in violation of § 128 of the TILA, 15 U.S.C. §§ 1638, and § 226.17(c) of Regulation Z, 12 C.F.R. § 226.17(c);

k.  Failing to deliver to each borrower two copies of a notice of the right to rescind that: identified the transaction; clearly and conspicuously disclosed the security interest in the Property; clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction; clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the defendant's place of business; clearly and conspicuously disclosed the effects of rescission; and/or clearly and conspicuously disclosed the accurate date the rescission period expired, in violation of 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b);

l.  Failing to provide a good faith estimate within three (3) days of the loan application, in violation of Regulation Z §§ 226.17(b) and 226.19(b)(2);

m.  Failing to provide the Consumer Handbook on Adjustable Rate Mortgages, in violation of Regulation Z §§ 226.17(b) and 226.19(b)(1);

n.  Failing to provide a copy of the HUD-1 statement at Closing Date, in violation of Regulation Z § 226.18(c);

o.  Failing to clearly, conspicuously and accurately disclose in its advertising the down payment, number of payments or period for payments, amount of payments, and the finance charge, in violation of Regulation Z § 226.24(d);

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262: timothv.thurman@trinlaw.com

p.  Failing to offer the same interest rate and/or terms of the loan represented and/or promised during the loan application stage as the final consumer transaction terms reflected in the promissory note; and/or

q.  Failing to invoice borrower for the mortgage loan which borrower either agreed to or was led to believe would be his/her loan terms.

28.    As a proximate result of the aforesaid violations of the Act, Plaintiff detrimentally relied upon such inaccurate disclosures and/or non-disclosures by Defendants and has sustained damages, including but not limited to, paying fees and charges in excess of what he/she should have paid but for the violations, all in an amount to be proven at trial.

29.    As a result of the aforesaid violations of the Act, Defendants are liable to Plaintiff for:

a.  Rescission of the transaction;

b.  Termination of any security interest in Plaintiff's Property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for disclosure violations;

e.  Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

f.  Forfeiture of return of loan proceeds;

g.  Actual damages in an amount to be determined at trial;

h.  Reasonable attorney's fees and costs.

30.    On information and belief, Plaintiff also alleges that Defendants acted willfully, maliciously, oppressively and/or fraudulently and in conscious disregard for the rights of Plaintiff and, as such, Plaintiff is entitled to punitive damages.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262: timothv.thurman@trinlaw.com

# COUNT II

# VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

# [12 USC § 2601]

# (BANKS)

31.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

32.    On information and belief, Defendants are lenders, creditors, mortgage brokers, and/or services, including their agents and employees, who regularly extend federally-insured mortgage loans, HUD-related loans, or loans intended to be sold on the secondary market, intended for the purchase of a one- to four-family residential property, to which the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, and Regulation X (24 C.F.R. § 3500 *et seq.*) applies.

33.    On information and belief, Defendants, and each of them, violated RESPA in one or more of the following ways:

   a.  Failing to provide the Special Information Booklet explaining the settlement costs within three (3) business days after Plaintiff submitted his/her loan application, pursuant to Regulation X § 3500.6;

   b.  Failing to provide, in a clear and concise form, a good faith estimate of the amount of settlement charges the borrower is likely to incur at Closing Date within three (3) business days after Plaintiff submitted his/her loan application, pursuant to Regulation X § 3500.7;

   c.  Failing to reflect in the good faith estimate the required use of a particular settlement service provider, the costs of such provider, and all necessary disclosures for such provider;

   d.  Failing to properly provide, and in a clear and conspicuous form, the HUD-1 settlement statement at or before the Closing Date with all

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

settlement charges related to the transaction, pursuant to Regulation X §§ 3500.8 and 3500.10;

e.  Charging a fee for preparation of the settlement statement, escrow account statement, and/or the TILA disclosure statement, pursuant to Regulation X § 3500.12;

f.  Failing to disclosure an affiliated business arrangement, pursuant to Regulation X § 3500.15;

g.  Giving, providing and/or receiving a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or yield spread premiums, pursuant to Regulation X § 3500.14;

h.  Charging fees in excess of the reasonable value of goods provided and/or services rendered;

i.  Requiring the borrower(s) to deposit funds in escrow in excess of the statutorily permitted amounts;

j.  Failing to inform the borrower(s) of defendant's intention to transfer the servicing of the loan and/or failing to inform the borrower(s) of the actual transfer within fifteen (15) days before the effective date of the transfer, pursuant to Regulation X § 3500.17(e);

k.  Failing to provide borrower(s) with a mechanism to obtain information about their loan and to correct erroneous information regarding their loan;

l.  Failing to properly and timely pay for property taxes, insurance and other charges for which Defendants are collecting within an escrow impound account; and/or

m. Failing to adequately and timely respond to borrower(s) qualified written request, pursuant to Regulation X § 3500.21(e).

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

34.    As a proximate result of the aforesaid violations of the Act, Plaintiff detrimentally relied upon such inaccurate disclosures and/or non-disclosures by Defendants and has sustained damages, including but not limited to, paying fees and charges in excess of what he/she should have paid but for the violations, all in an amount to be proven at trial.

35.    As a result of the aforesaid violations of the Act, Defendants are liable to Plaintiff for:

    a.  Rescission of the transaction;

    b.  Termination of any security interest in Plaintiff's Property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for disclosure violations;

    e.  Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

    f.  Forfeiture of return of loan proceeds;

    g.  Actual damages in an amount to be determined at trial;

    h.  Reasonable attorney's fees and costs.

## COUNT III
## BREACH OF CONTRACT
## (AGAINST BANK 1, BANK 2 AND BANK 3)

36.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

37.    Plaintiff entered into a written agreement with BANK 1 for a mortgage loan, a copy of which is attached as Exhibit A.

38.    On information and belief, BANK breached the agreement by, among other things, charging an interest rate that is different than the rate agreed to in the Note.

39.    Plaintiff has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the contract.

40.    As a proximate result of the aforesaid breach of contract, Defendants is liable to Plaintiff for actual and compensatory damages according to proof at trial, attorney's fees and costs.

## COUNT IV
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
## (BANKS)

41.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

42.    On information and belief Plaintiff alleges that at all times mentioned herein there existed between Plaintiff and Defendants, and each of them, either a direct or implied contractual covenant of good faith and fair dealing requiring Defendants and each of them to safeguard, protect or otherwise care for the assets and/or rights of the Plaintiff.  Said covenants prohibited them from activities interfering with or contrary to the rights of the Plaintiff.

43.    On information and belief, Plaintiff alleges that any attempt to foreclose upon the property lawfully belonging to Plaintiff without production of documents demonstrating the lawful rights for said foreclosure would constitute a breach of the said covenant of good faith and fair dealing.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION

44. As a direct and legal result of said acts by Defendants, and each of them, Plaintiff alleges that she has been damaged legally and proximately in amounts according to proof at time of trial.

COUNT V

VIOLATION OF CALIFORNIA CIVIL CODE § 2923.6

(AGAINST BANK 1, BANK 2 AND BANK 3)

45. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

46. Pursuant to California Civil Code § 2923.6, a loan servicer "acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis."

47. A loan modification would be in the best interest of all parties in this case because Plaintiff is currently in default and the recovery under a loan modification or workout plan would exceed the anticipated recovery through foreclosure, estimated to be the fair market value of approximately $348,443, less costs on average of $77,935 for foreclosure (as published by the Joint Economic Committee of Congress), or $270,508.

48. As a result of the aforementioned violations by Defendant(s), Plaintiff has been damaged in an amount according to proof at trial, including but not limited to, attorney's fees and costs.

49. Plaintiff also seeks, in addition to other remedies sought in this Complaint, an order from the Court modifying Plaintiff's loan and/or directing that BANK 1, BANK 2 and/or BANK 3 modify Plaintiff's loan by one or more of the

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

1 following methods: reduction of principal, reduction of interest rate, alteration of the

2 term of the loan, and/or such other method as the Court deems just and proper.

3

4                                  **COUNT VI**

5            **VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5**

6                          **(BANK 2 AND BANK 3)**

7         50.    Plaintiff repeats and realleges each and every allegation contained in

8 the above paragraphs and incorporates the same as though fully set forth at length.

9         51.    Plaintiff's loans were obtained between January 1, 2003 and December

10 31, 2007, and are for his principal residence.

11         52.    The California Legislature has declared that it is their intent to impose

12 additional requirements on mortgagees, trustees, beneficiaries and/or their

13 authorized agents prior to instituting the foreclosure process.  This includes making,

14 or attempting with due diligence to make, contact with the borrowers prior to issuing

15 any Notice of Default ("NOD") as specified in the statute.

16         53.    Defendants issued a NOD to Plaintiff on or about February 11, 2009, a

17 copy of which is attached hereto as Exhibit E.

18         54.    On information and belief, Defendant(s) violated § 2923.5 in one or

19 more of the following ways:

20              a.  Failing to do one or more of the following at least thirty (30) days

21                  prior to issuing the NOD:

22                     i.  Contact the borrower in person or by telephone in order

23                         assess the borrower's financial situation and explore options

24                         for the borrower to avoid foreclosure;

25                    ii.  Advise the borrower during the initial meeting that he/she has

26                         the right to request a subsequent meeting and, if requested,

27                         schedule such meeting within fourteen (14) days thereafter;

28

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

iii.  Provide the borrower with a toll-free telephone number to find a HUD-certified housing counseling agency;

b.  Failing to include a declaration with the NOD that:

i.  The borrower(s) was/were contacted; or

ii.  The lender tried with due diligence to contact the borrower(s), including:

1.  Sending a first-class letter that includes a toll-free telephone number make available by HUD to find a HUD-certified housing counseling agency;

2.  After the letter is sent, attempting to contact the borrower by telephone at least three times at different hours and on different days;

3.  If no response, sending a certified letter with return receipt requested;

4.  Providing a means for the borrower to contact lender in a timely manner, including a toll-free telephone number that provides access to a live representative during business hours;

5.  Posting a prominent link on the homepage of lender's website to options for the borrower to avoid foreclosure, a list of financial documents needed to discuss options to avoid disclosure, a toll-free number for borrowers to call to discuss options to avoid disclosure, and a toll-free number to a HUD-certified housing counseling agency; or

iii.  The borrower has surrendered the property to the mortgagee, trustee, beneficiary or authorized agent.

18

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

55.    As a result of the aforementioned violations by Defendants, Plaintiff has been damaged in an amount according to proof at trial, including but not limited to, attorney's fees and costs.

56.    As a result of the aforementioned violations by Defendants, Plaintiff also seeks a declaration and/or order from the Court that the institution of foreclosure proceedings upon the Property is null and void unless and until Defendant(s) meet the requirements of § 2923.5.

## COUNT VII
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## [15 USC § 1692]
## (DEBT COLLECTOR)

57.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

58.    On information and belief, Plaintiff alleges that DEBT COLLECTOR is a "debt collector," either directly or through agents, as that term is defined in 15 U.S.C. § 1692 *et seq*., as it regularly collects debt owed to another person.

59.    On information and belief, DEBT COLLECTOR violated the Act in one or more of the following ways:

    a.  Failing to respond to Plaintiff's demands in such a way as to meet the requirements of the Act;

    b.  Committing prohibited threats against Plaintiff;

    c.  Committing prohibited harassment against Plaintiff, including improper communications by telephone;

    d.  Communicating with others regarding Plaintiff's debt;

    e.  Falsely representing the identity, status or affiliation of the creditor;

19

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

      f.  Continuing to communicate with the Plaintiff despite written notification that Plaintiff is represented by counsel;

      g.  Sending a communication, which falsely simulates a legal or judicial process.

60.    As a proximate result of the aforesaid violations of the Act, Plaintiff has sustained actual damages in an amount to be proven at trial.

61.    As a result of these violations, Plaintiff is entitled to actual and statutory damages, and attorney's fees and costs.

**COUNT VIII**

**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**[Cal. Civil Code § 1788]**

**(DEBT COLLECTOR)**

62.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

63.    On information and belief, Plaintiff alleges that DEBT COLLECTOR is a "debt collector," either directly or through agents, as that term is defined in California Civil Code § 1788 *et seq*., as it regularly collects debt owed to another person.

64.    On information and belief, DEBT COLLECTOR violated the Act in one or more of the following ways:

      h.  Failing to respond to Plaintiff's demands in such a way as to meet the requirements of the Act;

      i.  Committing prohibited threats against Plaintiff;

      j.  Committing prohibited harassment against Plaintiff, including improper communications by telephone;

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

k.  Communicating with others regarding Plaintiff's debt;

l.  Falsely representing the identity, status or affiliation of the creditor;

m. Continuing to communicate with the Plaintiff despite written notification that Plaintiff is represented by counsel;

n.  Sending a communication, which falsely simulates a legal or judicial process.

65.    As a proximate result of the aforesaid violations of the Act, Plaintiff has sustained actual damages in an amount to be proven at trial.

66.    As a result of these violations, Plaintiff is entitled to actual and statutory damages, and attorney's fees and costs.

## COUNT IX
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
## CAL. CIVIL CODE § 51
## (BANKS)

67.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

68.    On information and belief, the conduct of Defendants violated California Civil Code § 51 in that Defendants discriminated against, boycotted, or blacklisted, refused to lend to, contract with, or refinance, or offered significantly less worthy credit to the Plaintiff based on his race, color, religion, ancestry, and national origin.

69.    As a direct and legal result of Defendants' violation of Civil Code § 51 and other state constitutional rights, Plaintiff suffered violations of his civil rights.

70.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

1  together with prejudgment interest pursuant to Civil Code § 3287 and any other

2  provision of law providing for prejudgment interest.

3       71.    As a further direct, foreseeable, and proximate result of said wrongful

4  acts by Defendants, Plaintiff suffered and will continue to suffer humiliation, shame,

5  despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's

6  damage in an amount to be proven at time of trial.

7       72.    As a further direct, foreseeable, and proximate result of said wrongful

8  acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be

9  determined, for which Plaintiff claims a sum to be established according to proof.

10       73.    The conduct of Defendants and their agents and employees as

11  described herein was oppressive, fraudulent and malicious, done in conscious

12  disregard of Plaintiff's rights, and done by managerial employees of Defendants,

13  and each of them. Plaintiff is thereby entitled to an award of punitive damages

14  against Defendants, in an amount appropriate to punish and make an example of

15  Defendants, and in an amount to conform to proof.

16       74.    By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to

17  an award of reasonable attorneys' fees and costs.

18

19                  **COUNT X**

20      **VIOLATION OF CIVIL RIGHTS ACT OF 1991**

21             **[42 USC § 1981]**

22                **(BANKS)**

23       75.    Plaintiff repeats and realleges each and every allegation contained in

24  the above paragraphs and incorporates the same as though fully set forth at length.

25       76.    This cause of action is brought pursuant to 42 U.S.C. § 1981, *et seq.,*

26  which provides that all persons in the United States have the same right to make and

27  enforce contracts.

28

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262; timothy.thurman@trinlaw.com

77.     Plaintiff is informed and believes, and thereupon alleges that Defendants, and each of them, loaned Plaintiff an amount that was unreasonable according to his/her employment and income and were careless in taking her loan application into consideration.

78.     Plaintiff seeks full compensation for the discriminatory acts he/she has suffered.

79.     Plaintiff seeks an injunction to prohibit Defendants from engaging in the unfair and discriminatory business practices complained of herein.

80.     The acts complained of herein occurred, at least in part, within the last year preceding the filing of the complaint in this action.

81.     The above actions were conducted under color of state law in that Defendants, as Banks, are entangled with the Federal government, in that the BANKS Defendants are heavily regulated by the Federal government, the Federal government loans the BANKS money, and Plaintiff is informed and believes, these Defendants have received aid from the Federal government.

82.     As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's in an amount to be proven at time of trial.

83.     As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

84.     The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and done by managerial employees of Defendants. Plaintiff is thereby entitled to an award of punitive damages against Defendants, in

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

## COUNT XI
## VIOLATION OF CIVIL RIGHTS ACT OF 1871
### [42 USC § 1983]
### (BANKS)

85.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

86.    This cause of action is brought pursuant to 42 U.S.C. § 1983, which provides that every person who subjects any citizen of the United States to a deprivation of his or her civil rights is subject to penalty.

87.    Plaintiff alleges that the above actions were conducted under color of state law in that Defendants, as Banks, are entangled with the Federal government, in that the BANKS Defendants are heavily regulated by the Federal government, the Federal government loans the BANKS money, and Plaintiff is informed and believes, these Defendants have received aid from the Federal government.

88.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's in an amount to be proven at time of trial.

89.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

90.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and done by managerial employees of Defendants.

Plaintiff is thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

**COUNT XII**

**VIOLATION OF TITLE VI OF CIVIL RIGHTS ACT OF 1964**

**[42 USC § 2000**d]

**(BANKS)**

91.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

92.    This cause of action is brought pursuant to 42 U.S.C. § 2000d, which provides that "no person in the United States shall, on the ground of race, color, gender or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."

93.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants have engaged in practices that are unlawful under 42 U.S.C. § 2000d, including but not limited to providing an exorbitant loan amount to Plaintiff, with a limited and/or inconsistent income, from a minority background, with no prior home buying experience, and/or offering a loan to Plaintiff that is significantly more costly than those offered to others of a different race, ethnicity or national origin.

94.    The Defendants preyed upon this minority, and with reckless disregard to how Plaintiff could make payments without default, provided Plaintiff with a higher cost loan that she should have never qualified for, therefore getting her into a deep financial mess which she may not have ever been in had the Defendants done

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262; timothy.thurman@trinlaw.com

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262; timothv.thurman@trinlaw.com

1 | ample due diligence and concluded that she should not qualify for such financing on
2 | such loan amount.

3 |      95.    The above actions were conducted under color of state law in that
4 | Defendants, as Banks, are entangled with the Federal government, in that the
5 | BANKS Defendants are heavily regulated by the Federal government, the Federal
6 | government loans the BANKS money, and Plaintiff is informed and believes, these
7 | Defendants have received aid from the Federal government.

8 |      96.    Plaintiff seeks full compensation for the discriminatory acts she has
9 | suffered.

10 |      97.    Plaintiff seeks an injunction to prohibit Defendants from engaging in
11 | the discriminatory practices complained of herein.

12 |      98.    The acts complained of herein occurred, at least in part, within the last
13 | year preceding the filing of the complaint in this action.

14 |      99.    As a direct, foreseeable, and proximate result of said wrongful acts by
15 | Defendants, Plaintiff suffered and will continue to suffer humiliation, shame,
16 | despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's in
17 | an amount to be proven at time of trial.

18 |      100.   As a further direct, foreseeable, and proximate result of said wrongful
19 | acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be
20 | determined, for which Plaintiff claims a sum to be established according to proof.

21 |      101.   The conduct of Defendants and their agents and employees as
22 | described herein was oppressive, fraudulent and malicious, done in conscious
23 | disregard of Plaintiff's rights, and done by managerial employees of Defendants.
24 | Plaintiff is thereby entitled to an award of punitive damages against Defendants, in
25 | an amount appropriate to punish and make an example of Defendants, and in an
26 | amount to conform to proof.

27
28

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262; timothy.thurman@trinlaw.com

# COUNT XIII

## VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT

### [15 U.S.C. § 1691]

### (BANKS)

102.   Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

103.   This cause of action is brought pursuant to 15 U.S.C. § 1691, which makes it unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction, on the basis of race, color, religion, national origin, sex, marital status, or age.

104.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants have engaged in practices that are unlawful under the Act, including but not limited to providing an exorbitant loan amount to Plaintiff, with a limited and/or inconsistent income, from a minority background, with no prior home buying experience, and/or offering a loan to Plaintiff that is significantly more costly than those offered to others of a different race, ethnicity or national origin.

105.   The Defendants preyed upon this minority, and with reckless disregard to how Plaintiff could make payments without default, provided Plaintiff with a higher cost loan that she should have never qualified for, therefore getting her into a deep financial mess which she may not have ever been in had the Defendants done ample due diligence and concluded that she should not qualify for such financing on such loan amount.

106.   Plaintiff seeks full compensation for the discriminatory acts she has suffered.

107.   As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered and will continue to suffer humiliation, shame,

despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's in

an amount to be proven at time of trial.

108.   As a further direct, foreseeable, and proximate result of said wrongful

acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be

determined, for which Plaintiff claims a sum to be established according to proof.

109.   The conduct of Defendants and their agents and employees as

described herein was oppressive, fraudulent and malicious, done in conscious

disregard of Plaintiff's rights, and done by managerial employees of Defendants.

Plaintiff is thereby entitled to an award of punitive damages against Defendants, in

an amount appropriate to punish and make an example of Defendants, and in an

amount to conform to proof.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

## COUNT XIV
## VIOLATION OF CALIFORNIA BUSINESS AND
## PROFESSIONS CODE §§ 17200 AND 17500
## (ALL DEFENDANTS)

110.   Plaintiff repeats and realleges each and every allegation contained in

the above paragraphs and incorporates the same as though fully set forth at length.

111.   The Unfair Competition Law and Unfair Business Practices Act,

codified in Business & Professional Code §§ 17200 and 17500 *et. seq*., provides that

unfair competition shall mean and include any unlawful, unfair or fraudulent

business act or practice and unfair, deceptive, untrue or misleading advertising.

112.   On information and belief, Defendant's acts or practices of failing to

accurately and adequately disclose the true loan terms, failing to provide Plaintiff

with the necessary disclosures and documents, violating anti-predatory lending

statutes requiring such disclosures, etc., all as previously alleged within this

Complaint, was and is illegal, unfair, fraudulent and/or deceptive.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

113.   By committing the acts and practices alleged herein, Defendants have been and continue to be engaged in illegal, unfair and/or deceptive business practices within the meaning of the Business & Professions Code §§ 17200 and 17500 *et. seq.*

114.   Plaintiff has been injured in fact and has lost money and property as a result of Defendants' unfair business practices as alleged throughout this Complaint.

115.   Defendants, through their acts of illegal, unfair or deceptive business practices, have obtained a value as a direct result of their scheme.

116.   Plaintiff requests that the Court grant relief by way of restitution by ordering that the Defendants return any direct or indirect gains to the Plaintiff and to enjoin Defendants from continuing to violate the Business & Professional Code by such conduct in the future.

117.   Plaintiff also respectfully requests an award of attorneys' fees, costs and expenses against Defendants.

## COUNT XV
## QUIET TITLE
### (ALL DEFENDANTS KNOWN OR UNKNOWN AND
### CLAIMING ANY INTEREST IN THE PROPERTY)

118.   Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

119.   Plaintiff is at all times herein mentioned the owner and/or entitled to possession of the Property.

120.   Plaintiff is informed and believes and thereupon alleges that Defendants, and each of them, claim an interest in the Property adverse to Plaintiff. However, as a result of the conduct more fully described in the preceding

PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothv.thurman@trinlaw.com

allegations, the claim of Defendants is without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in the Property.

121.   Plaintiff therefore seeks a declaration that the title to the subject Property is vested in Plaintiff alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the Property adverse to Plaintiff.

## COUNT XVI
## DECLARATORY RELIEF
## (ALL DEFDENDANTS)

122.   Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

123.   A dispute has arisen between and among the Plaintiff and the Defendants herein, and each of them, as to the duties and obligations of the respective parties with regard to the mortgage loan transactions and/or foreclosure proceedings.

124.   These disputes concern, but are not necessarily limited to, the rights and duties of the parties under the promissory note between them, the various statutes at issue in this litigation, the ownership to the Property, and/or the right of Defendants to foreclose on the Property.

125.   As these questions concern issues with regard to Plaintiff's Property, she is thus required to seek this relief.

126.   Plaintiff further alleges that a declaration of rights and duties of the parties herein by the Court is essential to determine the actual status and validity of the mortgage loan transaction and any rights duties and/or obligations as to the enforcement of it.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000: Fax: (213) 402-3262: timothy.thurman@trinlaw.com

127.   Plaintiff has exhausted any and all applicable administrative remedies required under the law and for which notice has been provided to Plaintiff.

## DEMAND FOR JURY TRIAL

128.   Plaintiff hereby requests a trial by a jury of her peers.

## PRAYER

**WHEREFORE,** Plaintiff prays for damages and other relief as follows:

1.   Rescission of the mortgage loan transactions which are the subject of this action;

2.   Termination of any security interest in Plaintiff's Property created under the transactions;

3.   Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

4.   Compensatory and/or actual damages according to proof;

5.   A judicial declaration of the rights, duties and/or obligations of the parties hereto;

6.   Statutory damages;

7.   Restitution;

8.   An appropriate declaration and/or order consistent with California Civil Code §§ 2923.6 and 2923.5;

9.   Injunctive relief including the immediate issuance of a preliminary restraining order, and thereafter a temporary or permanent injunction to maintain the status quo pending adjudication;

10.   Attorneys' fees according to statute;

11.   Costs of this suit; and

PLAINTIFF'S COMPLAINT FOR DAMAGES AND RESCISSION

1    12.    Such other and further relief as this court shall deem fair equitable and

2    just.

3    DATED: April 28, 2009                    TRINITY LAW ASSOCIATES

4

5                                   By: _____

6                                         Timothy D. Thurman
                                          Attorneys for Plaintiff, MIN SUN PARK
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384-9000; Fax: (213) 402-3262: timothy.thurman@trinlaw.com

32

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV09- 2976 PSG (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.


All discovery related motions should be noticed on the calendar of the Magistrate Judge


========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> MIN SUN PARK | DEFENDANTS <br> JUST MORTGAGE, INC., a California Corporation; et al. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Timothy D. Thurman, SBN 21608 <br> TRINITY LAW ASSOCIATES <br> 3470 Wilshire Blvd., Suite 930, Los Angeles, CA 90010 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes    ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ 500,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Failure of lender to comply with various federal laws relating to Truth in Lending and mortgage disclosures.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☑ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

# CV09-2976

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Timothy D. Cohelan_    Date  4/28/2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MIN SUN PARK

PLAINTIFF(S)

CASE NUMBER
**CV09-2976** PSG (RCx)

v.

JUST MORTGAGE, INC., a California Corporation;
INDYMAC FEDERAL BANK FSB, a Federal
Savings Bank; ONEWEST BANK FSB, a Federal
Savings Bank; QUALITY LOAN SERVICE CORP.
a California Corporation; WASHINGTON MUTUAL
BANK, a Federal Association organized
and existing under the laws of the United States
of America; JP MORGAN CHASE NATIONAL COR-
PORATE SERVICES, INC., a New York Corporation;
and DOES 1-10, inclusive,

DEFENDANT(S).

**SUMMONS**

TO:   DEFENDANT(S):  JUST MORTGAGE, INC., a California Corporation; INDYMAC FEDERAL BANK
FSB, a Federal Savings Bank; ONEWEST BANK FSB, a Federal Savings Bank; QUALITY
LOAN SERVICE CORP a California Corporation; WASHINGTON MUTUAL BANK, a Federal
A lawsuit has been filed against you.  Association organized and existing under the laws
of the United States of America; JP MORGAN CHASE NATIONAL CORPORATE
SERVICES, INC., a New York Corporation; DOES 1-10, inclusive.

      Within    20    days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney,  Timothy D. Thurman _____ , whose address is
 3470 Wilshire Blvd., Suite 930, Los Angeles, CA 90010 _____ . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

                                        Clerk, U.S. District Court

                    APR 2 8 2009
Dated: _____          By: _____
                                                **NATALIE LONGORIA**
                                                      Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed*
*60 days by Rule 12(a)(3)].*

                                        1198