1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REUBEN YEROUSHALMI (SBN 193981)
reuben@yeroushalmi.com
JAIME B. LAURENT (SBN 261926)
jaime@yeroushalmi.com
YEROUSHALMI & ASSOCIATES
3700 Wilshire Boulevard., Suite 480
Los Angeles, CA 90010
Telephone: (213) 382-3183
Facsimile:  (213) 382-3430

Attorneys for Defendant
JUST MORTGAGE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MIN SUN PARK, an individual,

  Plaintiff,

    v.

JUST MORTGAGE, INC., a California corporation; INDYMAC FEDERAL BANK FSB, a Federal Savings Bank; ONEWEST BANK FSB, a Federal Savings Bank; QUALITY LOAN SERVICE CORP., a California Corporation; WAHSINGTON MUTUAL BANK, a Federal Association organized and existing under the laws of the United States of America; JP MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., a New York Corporation; and DOES 1 through 10, inclusive,

  Defendants.

**CASE NO.  CV09-2976 PSG (RCx)**

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES**

Date:          November 16, 2009
Time:         1:30 pm
Courtroom:   790

Action Filed:  April 28, 2009

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on November 16, 2009, at 1:30 p.m., in the Courtroom 790, Defendant Just Mortgage, Inc. will, and hereby does, move this Court for judgment on the pleadings pursuant to Rule 12(c) of the <u>Federal Rules of Civil Procedure</u> against Plaintiff Min Sun Park.

Defendants respectfully submits that it is entitled to judgment in its favor as to all claims for relief asserted in the First Amended Complaint because Plaintiff fails to state claims upon which relief can be granted and Plaintiff's claims fail as a matter of law. Defendant is entitled to judgment as a matter of law.

This Motion is based on this Notice, the exhibits attached thereto, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file with this Court, and oral argument, if any. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 3, 2009.

DATED:        October 9, 2009            YEROUSHALMI & ASSOCIATES

By: _____
        Jaime B. Laurent
        Attorneys for Defendant
        JUST MORTGAGE, INC.

I.      INTRODUCTION..................................................................................................1

II.     RELEVANT ALLEGATIONS ...........................................................................2

III.    ARGUMENT.......................................................................................................2

        A.      The Standard For A Motion For Judgment On The Pleadings. ...................2

        B.      Plaintiff's Claim That Equitable Tolling Is Applicable Fails Because The
                Complaint Fails To Allege Any Facts To Support The Application Of
                Equitable Tolling. ..........................................................................................3

        C.      Plaintiff's Claim Alleging Violation Of TILA Fails Because It Is Time-
                Barred And The Relief Of Rescission Is Not Available For Mortgage
                Home Transactions. .......................................................................................4

                I.      Plaintiff's action for civil damages pursuant to TILA is time-
                        barred. ............................................................................................. 4

                II.     Plaintiff's action for rescission pursuant to TILA is not applicable
                        to a residential mortgage loan transaction. .................................... 5

        D.      Plaintiff's Claims Under RESPA Fail Because They Were Brought
                Outside Of The Applicable Time Limit And The Remaining RESPA
                Statutes Do Not Provide A Private Right Of Action. ...................................6

        E.      Plaintiff's Claim Of Breach Of Contract Fails Because The Note
                Contradicts All Allegations Made In The Complaint. ..................................7

        F.      Plaintiff's Claim For Breach Of Covenant Of Good Faith And Fair
                Dealing Fails Because The Complaint Does Not Identify Which
                Defendant Is A Party To The Underlying Contract. .....................................8

        G.      Plaintiff Claim For Violation Of California Civil Code § 2923.6 Fails
                Because JMI Has Never Acted As A Servicer Of The Mortgage Loan In
                Question. ........................................................................................................9

        H.      Plaintiff's Claims for violation of the Unruh Civil Rights Act Fail Because
                the Action was Brought Outside of the Applicable Statute of Limitations. ..........10

        I.      Plaintiff's Claims For Violation Of The Civil Rights Act Of 1991, Civil
                Rights Act Of 1871, And Title VI Of Civil Rights Act Of 1964 Fail
                Because The Claims Were Brought Outside Of The Statute Of
                Limitations. ..................................................................................................10

        J.      Plaintiff's Equal Credit Opportunity Act Claim Fails Because The Claim
                Was Brought Outside Of The Statute Of Limitations...................................11

        K.      Plaintiff's Claim For UCL Is Preempted As Inconsistent With TILA. ................12

        L.      Plaintiff's Quiet Title Action Fails Because The Complaint Is Not
                Verified, The Complaint Fails To State That JMI Is Claiming An Adverse
                Interest And Does Not Provide A Date As Of Which The Determination Is
                Sought. .........................................................................................................13

        M.      Plaintiff's Claim For Declaratory Relief Is Not A Cause Of Action And
                Fails As A Matter Of Law. ...........................................................................14

IV.     CONCLUSION ................................................................................................14

**CASES**

*Allison v. Liberty Sav.*

   695 F. 2d 1086 (7th Cir.1982) ............................................... 7

*Amadeo v. Principal Mut. Life Ins. Co.*

   290 F. 3d 1152 (9th Cir. 2002) ............................................... 9

*Bamba v. Resource Bank*

   568 F. Supp. 2d 32 (D.D.C. 2008) ......................................... 7

*Barbera v. WMC Mortgage Corp.*

   No. C 04-3738 SBA, 2006 WL 167632 (N.D. Cal. Jan. 19, 2006). ...................... 5

*Batt v. City and County of San Francisco*

   (Cal. Ct. App. 2007) 155 Cal. App. 4th 65 ............................ 14

*Bell Atlantic Corp. v. Twombly*

   127 S. Ct. 1955 (2007).......................................................... 2

*Birkholm v. Washington Mut. Bank, F.A.*

   447 F. Supp. 2d 1158 (W.D. Wash. 2006) ............................ 7

*Bloom v. Martin*

   865 F. Supp. 1377 (N.D. Cal. 1994)....................................... 7

*Bowen v. First Financial Services, Inc.*

   233 F. 3d 1331 (11th Cir. 2003). ......................................... 12

*Brewer v. Indymac Bank*

   609 F. Supp. 2d 1104 (E.D. Cal. 2009). ................................ 3

*Cleghorn v. Blue Shield of California*

   408 F. 3d 1222 (9th Cir. 2005) ........................................... 12

*Collins v. FMHA-USDA*

   105 F. 3d 1366 (11th Cir. 1997) ........................................... 7

*Cortese v. United States*

   782 F. 2d 845 (9th Cir. 1986) ............................................. 13

iv

*Currey v. Homecomings Financial, LLC*

    No. C 09-0276 PJH., 2009 WL 1227010 (N.D. Cal. 2009).....................................7

*Department of Water & Power v. ABB Power T & D Co.*

    902 F. Supp. 1178  (S.D. Cal. 1995)........................................................................9

*Gatto v. County of Sonoma*

    (Cal. Ct. App. 2002) 98 Cal. App. 4th 744...........................................................10

*Glue-Fold, Inc. v Slautterback Corp.*

    (Cal. Ct. App. 2000) 82 Cal. App. 4th 1018..........................................................14

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*

    896 F. 2d 1542 (9th Cir. 1989) ...............................................................................2

*Johnson v. State of California*

    203 F. 3d 650 (9th Cir. 2000) ................................................................................11

*Marcelos v. Dominguez*

    No. C 08-00056 WHA., 2008 WL 1820683 (N.D. Cal. April 21, 2008). ...............3

*Patriot Sci. Corp. v. Korodi*

    504 F. Supp. 2d 952  (S.D. Cal. 2007).....................................................................8

*Plymale v. City of Fresno*

    2009 U.S. Dist. LEXIS 58920 (E.D. Cal. June 25, 2009*)* ...................................11

*Postow v. OBA Fed. Sav. & Loan Assoc.*

    627 F. 2d 1370 (D.C. Cir. 1980)..............................................................................5

*Santa Maria v. Pacific Bell*

    202 F. 3d 1170 (9th Cir. 2000). ...............................................................................3

*State of La. v. Litton Mortgage Co.*

    50 F. 3d 1298 (5th Cir. 1995) ..................................................................................7

*Sullivan v. Allstate Ins. Co.*

    964 F. Supp. 1407  (C.D. Cal. 1997) .......................................................................8

*Taylor v. Regents of the Univ. of Cal.*

JUST MORTGAGE'S MOTION FOR JUDGMENT ON THE PLEADINGS

993 F.2d 710 (9th Cir. 1993) ................................................................. 11

**STATUTES**

12 U.S.C. § 2614 ............................................................................. 6

12 U.S.C. § 2605 ............................................................................. 6

12 U.S.C. § 2607 ............................................................................. 6

12 U.S.C. § 2608 ............................................................................. 6

15 U.S.C. § 1602(w) ........................................................................ 5

15 U.S.C. § 1610(a)(1) ..................................................................... 12

15 U.S.C. § 1635(e) ......................................................................... 6

15 U.S.C. § 1635(f) .......................................................................... 5

15 U.S.C. § 1640 ......................................................................... 5, 12

15 U.S.C. § 1640(a) ......................................................................... 4

15 U.S.C. § 1640(e). ........................................................................ 4

15 U.S.C. § 1691e(f) ....................................................................... 11

15 U.S.C. §§ 1603, 1604(b), (f) & (g) ................................................. 12

15 U.S.C. § 1605(f), ....................................................................... 12

15 U.S.C. § 1606(c) & (e) ................................................................ 12

15 U.S.C. § 1631(d) ....................................................................... 12

15 U.S.C. § 1633 ........................................................................... 12

15 U.S.C. § 1635 ........................................................................... 12

15 U.S.C. § 1640 ........................................................................... 12

42 U.S.C. § 1635 ............................................................................. 5

42 U.S.C. § 1981 ....................................................................... 10, 11

42 U.S.C. § 1983 ....................................................................... 10, 11

42 U.S.C. § 2000d ..................................................................... 10, 11

California Business & Professions Code §§ 17204, 17208 ........................ 12

California Civil Code § 2923.6 ............................................................ 9

vi

California Code of Civil Procedure § 335.1 .................................................................. 11

California Code of Civil Procedure § 338 .................................................................. 10

California Code of Civil Procedure § 761.020 ........................................................... 13

## OTHER AUTHORITIES

Federal Rules Civil Procedure 12(c) .......................................................................... 1, 2

## TREATISES

2 Witkin, Cal. Procedure (1954) Pleading, § 251, p. 1226 .......................................... 7

17 AM. JUR. 2D *Contracts* § 699 et seq. (2004) ............................................................ 7

23 WILLISTON 4TH, §63:1 et seq. ................................................................................. 7

CORBIN §943 et seq. ................................................................................................... 7

RESTATEMENT (SECOND) OF CONTRACTS §235(2) .......................................................... 7

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Just Mortgage, Inc. ("JMI") respectfully submits this memorandum of law in support of its motion, pursuant to <u>Federal Rules of Civil Procedure</u> 12(c), for judgment on the pleadings ("Motion").

## I.    **INTRODUCTION**

Plaintiff brings this action based upon the mortgage loan agreement ("mortgage loan") Plaintiff entered into with JMI.  Plaintiff's complaint is replete with claims that are not supportable by any fact or are flat out barred by the applicable statute of limitations.  Essentially, Plaintiff alleges that JMI violated the Truth in Lending Act ("TILA"), violated the Real Estate Settlement Procedures Act ("RESPA"), committed a breach of contract, committed a breach of the implied covenant of good faith and fair dealing, violated the California Civil Code §§ 2923.6, violated a plethora of equal protection federal and state statutes, violated the Equal Credit Opportunity Act, and violated the California Business and Professions Code §§ 17200 & 17500 ("UCL").  Plaintiff also seeks to quiet title, and seeks declaratory relief.

To begin with, Plaintiff's claims under TILA, RESPA, the various federal and state discriminatory statutes, and the Equal Credit Opportunity Act are time barred given the credit transaction was consummated in January of 2006.  *See* <u>Compl.</u> ¶ 20.  Plaintiff's action for breach of contract is completely contradicted by the express terms of the Adjustable Rate Note which is attached to the complaint.  *See* <u>Compl.</u> Ex. A.

Plaintiff's claim of breach of the implied covenant of good faith and fair dealing fails to adequately identify which Defendant is a party to the contract to which the specified action of foreclosure would allow the claim to be cognizable.  To be clear, given that Plaintiff has recognized the fact that JMI assigned all of its rights under the Adjustable Rate Note to other parties, Plaintiff must plead when the said breaches occurred and which Defendant was actually a party to the contract.  Given that Plaintiff has failed to do so, this claim fails.

Furthermore, Plaintiff's claims under the California Business and Professions Code §§ 17200 & 17500 are preempted by TILA.  Lastly, Plaintiff fails to adequately plead whether JMI

1

1  has an adverse interest in the subject property against which an action for quiet title can be

2  effectuated.  Given that declaratory relief is dependent on these claims, it fails as well.

3       For these reasons, discussed in greater detail below, JMI requests that the Court grant this

4  motion for judgment on the pleadings.

## II.  RELEVANT ALLEGATIONS

     Below are the relevant allegation in the Complaint and facts which the Court may take judicial notice of:

- The real property is located at 45906 Corte Carmello, City of Temecula, County of Riverside, State of California ("Subject Property").

- Adjustable Rate Note ("Note") dated January 31, 2006.  *See* Compl. Ex. A.

- Defendant Just Mortgage is referred to as BANK 1.  Compl. ¶ 8.

- Upon information and belief, BANK 2 and/or BANK 3 is/are the assignee(s) of all assets and liabilities of BANK 1.  Compl. ¶ 11.

## III.  ARGUMENT

### A.  The Standard For A Motion For Judgment On The Pleadings.

     The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F. 2d 1542, 1550 (9th Cir. 1989). This standard is met where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  Moreover, a complaint containing "labels and conclusions," and/or a "formulaic recitation of the elements of a claim" will not suffice to overcome a motion to dismiss.  *Id.* (citations omitted).  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

2

1    (even if doubtful in fact)."  *Id.*  (citation omitted).  Application of these standards requires that

2    each of Plaintiff's claims be dismissed in their entirety.

3    **B. Plaintiff's Claim That Equitable Tolling Is Applicable Fails Because The Complaint Fails To Allege Any Facts To Support The Application Of Equitable Tolling.**

4

5         Plaintiff is not entitled to the application of the doctrine of equitable tolling because there

6    are no facts plead that are sufficient to support the application of equitable tolling.   "Equitable

7    tolling may be applied if, *despite all due diligence*, a plaintiff is unable to obtain vital

8    information bearing on the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F. 3d 1170,

9    1178 (9th Cir. 2000) (emphasis added).  The Court must focus on whether "a reasonable plaintiff

10   would not have known of the existence of a possible claim within the limitations period, then

11   equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can

12   gather what information he needs."  *Id.*  The doctrine of equitable tolling is applicable in

13   appropriate circumstances where equity requires the Court to "suspend the limitations period

14   until the borrower discovers or had *reasonable opportunity* to discover" violations that form the

15   basis of Plaintiff's complaint.  *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1117 (E.D. Cal.

16   2009).  In *Marcelos v. Dominguez*, the plaintiff negotiated his loan primarily in Spanish, but the

17   loan documents he received were written in English.  *Marcelos v. Dominguez*, No. C 08-00056

18   WHA., 2008 WL 1820683, at *1-3 (N.D. Cal. April 21, 2008).  Six months after the loan closed,

19   plaintiff started receiving bills charging more than he had previously been paying.  *Id.*  Plaintiff's

20   RESPA action, however, was filed close to three years after the loan was consummated.  *Id.* at 7.

21   In making its decision, the court discussed whether a reasonable person would have been put on

22   notice of potential claims by the increases in mortgage payments.  *Id.*  Finding that a reasonable

23   person would have inquired to the plaintiff's circumstances, the court ruled that the plaintiff had

24   failed to allege facts sufficient to toll the statute of limitations.  *Id.*

25        In the instant action, according to Plaintiff the loan was consummated on January 31,

26   2006.  Compl. ¶ 20.  Section 2 subsection B of the Note states "[t]he interest rate I will pay may

27   change on the 1st day of April, 2006 and on that day every month thereafter. Each date on which

28

my interest rate could changes is called a 'Change Date.'" <u>Compl.</u> Ex. A § 2(B).  Furthermore, the contract states that the interest rate subsequent to the first Change Date would be based upon an index plus a base margin of 4.125%.  *Id.* at § 2(C), (D).  These facts indicate two things. First, they show that the amount that Plaintiff was paying in the first month of repayment of the loan would change in April of 2006.  Second, the Note clearly outlines the fact that the payments would change predicated on the calculation of the interest rate pursuant to an index.  To be clear, the introductory rate was 0.5%.  <u>Compl.</u> Ex. A. § 2(A).  Thus, without a doubt, on April 1, 2006, Plaintiff's interest rate changed substantially given that it could not be lower than 4.125%.  *Id.* at § 2(C), (D).  What this means is that pursuant to *Marcelos v. Domínguez,* a reasonable person would have inquired to their circumstances once their payments had changed.  In this instance, the date of change is clearly documented by the Note.  Thus, Plaintiff has failed to allege any facts that would show that in spite of plaintiff's due diligence, plaintiff was unable to obtain information to support all claims stated within the complaint within the applicable statute of limitations period.

Therefore, Plaintiff failed to plead any facts that would indicate why as of April 1st, 2006, he did not have reasonable opportunity to discover the alleged violations despite all due diligence.   Given these facts, the Court should not apply the doctrine of equitable tolling.

**C.  Plaintiff's Claim Alleging Violation Of TILA Fails Because It Is Time-Barred And The Relief Of Rescission Is Not Available For Mortgage Home Transactions.**

I.    <u>Plaintiff's action for civil damages pursuant to TILA is time-barred.</u>

Plaintiff's claim under TILA fails because it is time-barred.  TILA provides that a borrower who has not received required disclosures may initiate an action for civil damages.  15 U.S.C. § 1640(a).  The limitations period for such an action, however, is one year from the date of the alleged TILA violation. 15 U.S.C. § 1640(e).  Plaintiff's TILA claims assert alleged violations of TILA's loan closing disclosure requirements relating to interest rate and a plethora of required TILA disclosures.  <u>Compl.</u> ¶¶ 27-30. Furthermore, Plaintiff's TILA claims assert that she is able to claim rescission of the contract. <u>Compl.</u> ¶ 30. However, the limitations period for

1  rescission of the contract is three years. 15 U.S.C. § 1635(f). At the latest, then, Plaintiff's TILA

2  claim arose at the closing of his mortgage loan transaction on January 31, 2006. *Barbera v.*

3  *WMC Mortgage Corp.*, No. C 04-3738 SBA, 2006 WL 167632, at *5-7 (N.D. Cal. Jan. 19,

4  2006). (finding TILA claims for civil damages based on disclosure violations arose at closing of

5  plaintiffs' loan); *Postow v. OBA Fed. Sav. & Loan Assoc.*, 627 F.2d 1370, 1380 (D.C. Cir. 1980)

6  (holding that violation of TILA occurs no later than date of settlement for any loan for which

7  disclosures have not been made).  As of January 31, 2006, the mortgage loan transaction closed,

8  meaning that all of the required disclosures were to be provided at that time.  Compl. ¶ 20.

9  Plaintiff, however, did not file this lawsuit until April 28, 2009 - i.e., more than one year later for

10  a claim of civil damages and more than three years later for the relief of rescission.  *See* Compl.

11      Plaintiff's action for civil damages and for the right of rescission is thus time-barred, and

12  judgment should be entered against Plaintiff on this claim.  15 U.S.C. § 1640.

13              II.    Plaintiff's action for rescission pursuant to TILA is not applicable to a

14                     residential mortgage loan transaction.

15      Plaintiff is unable to claim the right of rescission as it is wholly exempted from TILA.  42

16  U.S.C. § 1635 offers an obligor the right to rescind a credit transaction.  The right of rescission is

17  only applicable in certain circumstances.  The very same code section states that an exempted

18  transaction is "a residential mortgage transaction as defined in section 103(w) [15 U.S.C. §

19  1602(w)]."  *Id.*  The code section goes on to define a 'residential mortgage transaction' as "a

20  transaction in which a mortgage, deed of trust… is created or retained against the consumer's

21  dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. §

22  1602(w).

23

24      Given that the complaint states that the note for the mortgage loan was secured by a First

25  Trust Deed which is attached to the complaint as Exhibit B. Compl. ¶ 20. Secondly, the

26  complaint clearly states that the subject property is Plaintiff's primary residence.  Compl. ¶ 20.

27  Thirdly, there is nothing in the complaint to contradict the fact that the loan was used to purchase

28

1   the Plaintiff's primary residence.  Thus, all of the factors are present to exempt this transaction

2   under 15 U.S.C. § 1635(e). Therefore, Plaintiff cannot seek rescission of the Note.

3       **D. Plaintiff's Claims Under RESPA Fail Because They Were Brought Outside Of The**
        **Applicable Time Limit And The Remaining RESPA Statutes Do Not Provide A**
4       **Private Right Of Action.**

5           Plaintiff's claims under RESPA against JMI fail.  Plaintiff filed a complaint alleging

6   violations of the RESPA 12 U.S.C. §§ 2601-2617[1], on April 28, 2009.  Plaintiff alleges that the

7   following sections of RESPA were violated: § 2603 (Compl. ¶ 33d), § 2604 (Compl. ¶ 33a, b,

8   and c), § 2605 (Compl. ¶ 33j, k, l and m), § 2607 (Compl. ¶ 33f, g and h), § 2609 (Compl. ¶ 33i),

9   and § 2610 (Compl. ¶ 33e).  But, § 2614 entitled 'Jurisdiction of the Court; Limitations' states in

10  pertinent part:

11          Any action pursuant to the provisions of section 6, 8, or 9 [12 USCS § 2605,
            2607, or 2608] may be brought in the United States district court or in any other
12          court of competent jurisdiction, for the district in which the property involved is
            located, or where the violation is alleged to have occurred, within 3 years in the
13          case of a violation of section 6 [12 USCS § 2605] and 1 year in the case of a
            violation of section 8 or 9 [12 USCS § 2607 or 2608] from the date of the
14          occurrence of the violation…

15  12 U.S.C. § 2614.  There are two aspects of this code section that bear upon Plaintiff's claims.

16  Firstly, the longest statute of limitations provided in RESPA is three years.  *Id.* It is clear that

17  Plaintiff entered into the consumer credit transaction that is at issue with JMI on or about January

18  31, 2006.  Compl. ¶ 20.  Thus, all disclosures at issue in the complaint were made at that time.

19  Yet, Plaintiff did not file the instant action until April 28, 2009.  Therefore all causes of actions

20  falling under §§ 2605, and 2607 of RESPA must be dismissed.

21          Furthermore, § 2614 precisely delimits which sections of RESPA are cognizable as a

22  private right of action.  As shown above, only sections 2605, 2607 and 2608 provide for a private

23  right of action.  With regard to the remaining sections, the Courts in the Ninth Circuit as well as

24  other circuits have ratified the position that there is no private right of action for violations of

25

26  _____
    [1] All further unlabeled statutory references are to 12 U.S.C.

27

28                                      6

1   section 2603 (*Bloom v. Martin*, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994); *Currey v.*

2   *Homecomings Financial, LLC*, No. C 09-0276 PJH., 2009 WL 1227010, at *6 (N.D. Cal. 2009)),

3   section 2604 (*Currey v. Homecomings Financial, LLC*, No. C 09-0276 PJH., 2009 WL 1227010,

4   at *6 (N.D. Cal. 2009) (citing *Bamba v. Resource Bank*, 568 F. Supp. 2d 32, 34-35 (D.D.C.

5   2008) that in turn cites *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir.1997))), and

6   section 2609 (*State of La. v. Litton Mortgage Co.,* 50 F. 3d 1298, 1301-02 (5th Cir. 1995) and

7   *Allison v. Liberty Sav.*, 695 F. 2d 1086, 1091 (7th Cir.1982); *Birkholm v. Washington Mut. Bank,*

8   *F.A.*, 447 F. Supp. 2d 1158, 1162-63 (W.D. Wash. 2006)[2]).

9       Therefore, Plaintiff's claims under RESPA that provide for a private right of action are

10  barred by their applicable statute of limitations, and should be dismissed. All subsequent claims

11  under RESPA must be dismissed because the enumerated statutes do not provide a private right

12  of action.

13  **E.  Plaintiff's Claim Of Breach Of Contract Fails Because The Note Contradicts All
        Allegations Made In The Complaint.**

14      Plaintiff's claim for breach of contract against JMI fails. The wrongful act, i.e., the

15  unjustified or unexcused, failure to perform a contract is a *breach*. *See* RESTATEMENT (SECOND)

16  OF CONTRACTS §235(2); CORBIN §943 et seq.; 23 WILLISTON 4TH, §63:1 et seq.; 17 AM. JUR. 2D

17  *Contracts* § 699 et seq. (2004). A statement of a cause of action for breach of contract requires a

18  pleading of (1) the contract; (2) plaintiff's performance or excuse for non-performance; (3)

19  defendant's breach; and (4) damage to plaintiff therefrom. 2 Witkin, Cal. Procedure (1954)

20  Pleading, § 251, p. 1226.

21      Plaintiff claims that JMI breached the adjustable rate note by "charging an interest rate

22  that is different than the rate agreed to in the Note." Compl. ¶ 38. Yet, the Note clearly defines

23  the interest rate. Section 2 of the Note states "[u]p until the first Change Date (as defined in

24

25  _____

26  [2] The *Birkholm* court applied the four-part test set forth in the *Cort v. Ash,* 422 U.S. 66 (1975), to determine whether
    Congress intended to create a private remedy under § 2609. *Birkholm v. Washington Mut. Bank, F.A.,* 447 F. Supp. 2d 1158,
27  1162-63 (W.D. Wash. 2006). The court concluded that Congress did not intend to provide a private right of action for violation
    of 12 U.S.C. § 2609. *Id.*

28

1    Section 4 of this Note) I will pay interest at a yearly rate of .500%." <u>Compl.</u> Ex. A § 2(A).

2    Furthermore, Section three of the Loan Agreement states that the "monthly payments until the

3    first Payment Change Date will be in the amount of U.S. $1,531.85." *Id* at § 3(B). Section 4

4    subsection A states "[t]he interest rate I will pay may change on the 1st day of April, 2006 an on

5    that day every month thereafter." *Id.* at § 2(A).  The contract goes on to say that

> Beginning with the first Interest Rate Change Date, my adjustable interest rate
> will be based on an Index.  The 'Index' is the 'Twelve-Month Average' of the annual
> yields on actively traded Unites State Treasure Securities adjusted to a constant maturity
> of one year as published by the Federal Reserve Board….
> Before each Interest Rate Change Date, the Note Holder will calculate my
> new interest rate by adding (FOUR AND 125/100 percentage points) 4.125%
> ("Margin") to the Current Index.

11   <u>Compl.</u> Ex. A § 2(C)(D).  In terms of a plain reading of the contractual language, there was no

12   breach because the note clearly delineates when the interest rate would change and clearly

13   outlines the method by which the interest rate is calculated.  In fact, the Note itself is entitled

14   'Adjustable Rate Note.'  <u>Compl.</u> Ex. A.  Given this fact, this claim fails and must be dismissed.

   **F.   Plaintiff's Claim For Breach Of Covenant Of Good Faith And Fair Dealing Fails
        Because The Complaint Does Not Identify Which Defendant Is A Party To The
        Underlying Contract.**

17   Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails as

18   a matter of law.  As a preliminary matter,  the requirements for bringing a claim for breach of the

19   implied covenant of good faith and fair dealing are: (1) whether there was the requisite

20   contractual relationship exists between parties (*Patriot Sci. Corp. v. Korodi,* 504 F. Supp. 2d

21   952, 964 (S.D. Cal. 2007))*;* (2) the nature and extent of the implied covenant of good faith and

22   fair dealing under the particular circumstances, to assure compliance with express terms of

23   contract (*Sullivan v. Allstate Ins. Co.,* 964 F. Supp. 1407, 1415-16 (C.D. Cal. 1997)) ; (3)

24   whether defendant's conduct constituted a breach of implied covenant of good faith and fair

25   dealing because it unfairly prevented Plaintiff from receiving benefits that he or she was entitled

26   to receive under contract (*Amadeo v. Principal Mut. Life Ins. Co.,* 290 F. 3d 1152, 1158 (9th Cir.

8

1    2002)); and (4) determine damages (see *Department of Water & Power v. ABB Power T & D*

2    *Co.*, 902 F. Supp. 1178  (S.D. Cal. 1995)).

3         In this instance, Plaintiff has failed to adequately allege whether there is the requisite

4    contractual relationship between the parties.  Although it is true that JMI was the original lender

5    in the mortgage transaction ("Mortgage Transaction"), since that time, it has sold all of its

6    interest to the mortgage loan. In fact, JMI sold its interest in the note as of March of 2006.  The

7    complaint alleges "any attempt to foreclose upon the property… would constitute a breach of the

8    said covenant of good faith and fair dealing."  Compl. ¶ 43.  Given that the first requirement of

9    the cause of action is that there is the requisite contractual relationship, Plaintiff's claim must be

10   dismissed because Plaintiff has failed to allege that JMI has a current interest in the note and

11   deed of trust.

12        For these reasons, Plaintiff's claim fails and should be dismissed.

13   **G.  Plaintiff Claim For Violation Of California Civil Code § 2923.6 Fails Because JMI**
     **Has Never Acted As A Servicer Of The Mortgage Loan In Question.**

14

15        California Civil Code § 2923.6 speaks directly to the actions of the Servicer of a

16   particular loan.  The section states in relevant part:

17             The Legislature finds and declares that any duty Servicers may have to maximize
             net present value under their pooling, and servicing agreements is owed to all
18             parties in a loan pool, not to any particular parties, and that a Servicer acts in the
             best interests of all parties if it agrees to or implements a loan modification….

19
     CAL. CIV. CODE § 2923.6(a).  What is clear from this code section is that it allows a Servicer to
20
     claim that it has acted in the best interest of all parties when it agrees to implement a loan
21
     modification or work-out plan.  *Id.*  But there is one blatant requirement that is present.  The
22
     code section only applies to Servicers.  The complaint fails to allege that JMI is the Servicer of
23
     the loan.  In fact the complaint states that JMI assigned its interest to other parties.  Compl. ¶ 11.
24
     As a result, under this code section, there is no cognizable action against JMI.
25

26

27

28

1  **H. Plaintiff's Claims for violation of the Unruh Civil Rights Act Fail Because the**
2     **Action was Brought Outside of the Applicable Statute of Limitations.**

3          Plaintiff's claims for violations of the Unruh Civil Rights Act fail because they were

4  brought outside of the statute of limitations.  For those parts of the Unruh Civil Rights Act,

5  California Civil Code §§ 51 et seq., that constitute a refinement and codification of existing

6  common law liability for the violation of civil rights, the applicable statute of limitations is

7  former California Code of Civil Procedure § 340(3), rather than the three-year limitations in

8  California Code of Civil Procedure § 338(a) for liability created by statute.  *Gatto v. County of*

9  *Sonoma* (Cal. Ct. App. 2002) 98 Cal. App. 4th 744, 759.  The Court, however, went on to state

10 that because some of the provisions that the courts commonly treat as part of the Act do not

11 derive from the common law, no single statute of limitations applies to all claims under the Act.

12 *Id.*  But, even with the uncertainty of which statute of limitations applies in this matter, given that

13 JMI assigned all of its rights and liabilities to the mortgage loan within months of entering into

14 the mortgage loan transaction, that would mean that JMI's alleged violations occurred in January

15 of 2006 when Plaintiff entered into the credit transaction with JMI.  Plaintiff has not stated any

16 facts that would indicate any instance since the funding of the Mortgage Transaction, where JMI

17 had the opportunity to discriminate against Plaintiff in the manner in which Plaintiff alleges.

18 Upon that fact, it is clear that even if the Court were to apply the three-year limitation enshrined

19 in California Code of Civil Procedure § 338, the Court must dismiss this cause of action because

20 it was initiated after the time limit.

21 **I. Plaintiff's Claims For Violation Of The Civil Rights Act Of 1991, Civil Rights Act**
22    **Of 1871, And Title VI Of Civil Rights Act Of 1964 Fail Because The Claims Were**
      **Brought Outside Of The Statute Of Limitations.**

23          Plaintiff's claims for violation of 42 U.S.C. §1981, 42 U.S.C. §1983, and 42 U.S.C.

24 §2000d fail as a matter of law because these actions were brought outside the applicable statute

25 of limitations.  Federal civil rights statutes have no independent limitations period.  *Johnson v.*

26 *State of California*, 203 F. 3d 650, 653 (9th Cir. 2000); *Taylor v. Regents of the Univ. of Cal.,*

27 993 F. 2d 710, 711-712 (9th Cir. 1993) (stating that California's statute of limitations for

28

1    personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 2000d).

2    According to <u>California Code of Civil Procedure</u> § 335.1, the statute of limitations for a personal

3    injury action is two years. CAL. CIV. PROC. CODE § 335.1.  Therefore, "[a]pplying California

4    law, federal civil rights claims which arise in California are generally barred if not brought

5    within two years." *Plymale v. City of Fresno,* NO. CV F 09-0802 LJO DLB, 2009 U.S. Dist.

6    LEXIS 58920, at \*29 (E.D. Cal. June 25, 2009*).*

7    Plaintiff alleged the violations occurred at the origination of Plaintiff's loan.  <u>Compl.</u> ¶¶

8    77, 93.  Plaintiff's loan was originated on or about January 31, 2006.  <u>Compl.</u> ¶ 20.  Plaintiff's

9    complaint was filed April 28, 2009.  Plaintiff's Complaint was filed more than two years after

10   the alleged violation took place.  Thus, Plaintiff's claim for violation of 42 U.S.C. §1981, 42

11   U.S.C. §1983, and 42 U.S.C. §2000d are time barred and should be dismissed with prejudice.

12   **J.  Plaintiff's Equal Credit Opportunity Act Claim Fails Because The Claim Was**
     **Brought Outside Of The Statute Of Limitations.**

13   As a matter of law, Plaintiff's action for violations of the Equal Credit Opportunity act

14   fails because this action was brought outside of the applicable statute of limitations.  15 U.S.C. §

15   1691e(f) states that "[n]o such action shall be brought later than two years from the date of the

16   occurrence of the violation…."  In the instant action, Plaintiff has alleged that the discriminatory

17   actions to which she was a victim took place upon the ratification of the transaction. Specifically,

18   the pleading states "[o]n or about January 31, 2006, Plaintiff entered into a consumer credit

19   transaction with [JMI]…."  <u>Compl.</u> ¶ 20.  Furthermore, the Complaint states that the statute

20   makes it "… unlawful for any creditor to discriminate against any *applicant*…."  <u>Compl.</u> ¶ 103,

21   (emphasis added).  Clearly, Plaintiff was an applicant for the loan prior to entering into the credit

22   transaction with JMI.   Thus, the statute of limitations began to run before January 31, 2006, the

23   effective date of the Note.  <u>Compl.</u> Ex. A. Once again, it must be stated that Plaintiff did not

24   bring the current action until April 28, 2009.

25   Because Plaintiff has brought this action outside of the applicable statute of limitations,

26   this cause of action should be dismissed.

1

### K. Plaintiff's Claim For UCL Is Preempted As Inconsistent With TILA.

The evident purpose of bringing a duplicative claim is to add to the remedies TILA provides for a violation of federal law – presumably, to increase the limitations period (from one year for TILA to four years for the UCL), and to increase available types of relief (from actual and statutory damages, the latter capped at $500,000 in a class action, to an uncapped amount of restitution and injunctive relief under the UCL). *Compare* 15 U.S.C. § 1640 with <u>California Business & Professions Code</u> §§ 17204, 17208. However, this intention is precisely what bars this claim.

TILA provides significant federal regulation in the area of consumer credit disclosures. Among TILA's provisions are those that provide for remedies that carefully balance the rights and interests of consumers and creditors – chiefly, actual damages and statutory damages for certain types of violations, a class action cap of $500,000, loan rescission on an individual basis for a more limited range of disclosure violations, and a complex web of safe harbors and exceptions. 15 U.S.C. §§ 1603, 1604(b), (f) & (g), 1605(f), 1606(c) & (e), 1631(d), 1633, 1635, and 1640. It is well-settled that TILA thus strikes a balance in these provisions that was carefully constructed as an integral part of the entire statutory scheme. *Bowen v. First Financial Services, Inc.*, 233 F. 3d 1331, 1337 (11th Cir. 2003).

Any state law or other requirement that is inconsistent with TILA is preempted. *See Cleghorn v. Blue Shield of California*, 408 F. 3d 1222 (9th Cir. 2005); 15 U.S.C. § 1610(a)(1). Plaintiff's attempt to bootstrap state law UCL to TILA, in order to expand and distort the federal statute's closely-drawn remedial scheme, is inconsistent with TILA, and should not be allowed by this Court.

Now, Plaintiff may argue that the UCL's additional remedies are not inconsistent with TILA because state law does not require any conduct that TILA proscribes or prohibit any conduct that TILA allows. However, it is improper to read TILA's preemption rules, or to apply conflict preemption principles, so narrowly. TILA has a variety of highly technical requirements. Congress' choice to temper those rules with some limits on liability — such as the

12

1  short statute of limitations and the $500,000 liability cap — are not only an integral part of the

2  law, but rather the product of a sensible judgment that potential injury can be redressed and

3  compliance urged by something less than ruinous liability.  Plaintiff's UCL claims seek to add to

4  what Congress decided was appropriate, and are therefore preempted.  Accordingly, judgment

5  should be entered against Plaintiff on these claims.

6  **L.  Plaintiff's Quiet Title Action Fails Because The Complaint Is Not Verified, The
      Complaint Fails To State That JMI Is Claiming An Adverse Interest And Does Not
7     Provide A Date As Of Which The Determination Is Sought.**

8       As a preliminary matter, federal Courts "generally follow state law to resolve property

9  disputes." *Cortese v. United States,* 782 F. 2d 845, 849 (9th Cir. 1986).  Thus, under the

10  California Code of Civil Procedure, Plaintiff's claim to "Quiet Title" against JMI fails.  For a

11  Quiet Title action to move forward, the compliant must be verified and allege: (1) a legal

12  description of the property and its street address or common designation; (2) the title of the

13  plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as

14  of which the determination is sought; and (5) a prayer for the determination of the plaintiff

15  against the adverse claims. CAL. CIV. PROC. CODE § 761.020.

16       To begin with, the complaint is not verified.  Thus, under the Code section, the quiet title

17  claim must fail.  Secondly, JMI is not claiming any interest in the property or its related deed of

18  trust.  Essentially, Plaintiff does not allege that JMI has a current recorded interest or claim in the

19  subject property.  *See,* Compl.  In fact, the complaint specifically states that JMI assigned all of

20  its rights in Plaintiff's loan.  Compl. ¶ 11.  Moreover, the deed of trust that Plaintiff has attached

21  to the complaint as Exhibit B denotes MERS as the beneficiary.  Compl. Ex. B.  Next, the

22  complaint fails to state a date as to which a determination is sought.  *See* Compl.  In this matter, a

23  date of determination is extremely important given JMI assigned all of its rights to Plaintiff's

24  loan.

25

26

27

28
_____

1    Thus, in terms of the requirements under California Law for alleging a quiet title action,

2    Plaintiff has failed to allege the requisite factors necessary for bringing such a claim.   As a result

3    of these deficiencies, Plaintiff's action for quiet title fails as a matter of law.

4    **M.   Plaintiff's Claim For Declaratory Relief Is Not A Cause Of Action And Fails As A Matter Of Law.**

5    Plaintiff's claim for declaratory relief is not actually a cause of action, but merely a form

6    of equitable relief.  *See Batt v. City and County of San Francisco* (Cal. Ct. App. 2007) 155 Cal.

7    App. 4th 65, 82.  Equitable remedies "are dependent upon a substantive basis for liability, they

8    have no separate viability" if a plaintiff's other claims fail.  *Glue-Fold, Inc. v Slautterback Corp.*

9    (Cal. Ct. App. 2000) 82 Cal. App. 4th 1018, 1023, fn. 3.

10    Plaintiff's declaratory relief cause of action is predicated on Plaintiff's other claims.

11    Given the analysis above, each claim against JMI fails for various reasons.  Therefore, Plaintiff's

12    claim of declaratory relief necessarily fails because it cannot stand without the others.

13    Essentially, there is no substantive basis of liability without the other claims in the complaint.

14    Therefore, this claim fails and should be dismissed.

15

16    **IV.    CONCLUSION**

17    In light of the foregoing, which establishes that Plaintiff's claims for relief are time-

18    barred, pre-empted, and legally unsupportable, judgment should be entered against Plaintiff on

19    all claims.

20

21    DATED: October 9, 2009                    YEROUSHALMI & ASSOCIATES

22

23                                             BY:_____

24                                                  Jaime B. Laurent
                                                  Attorneys for Defendant
                                                  JUST MORTGAGE, INC.

25

26

27

28                                             14